IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| Donald Robert Berglund, Jr. | * | |
| ***-**-8597 | * | Chapter 13 |
| Rebecca Jean Berglund | * | |
| ***-**-8693 | * | Case No.07-20274 |
| 370 CR 289 | * | |
| Edna, Texas 77957 | * | |
| Debtors | | |

## CERTIFICATION OF ATTORNEY'S FEES

Comes Now, Jean H. Taylor, attorney for the above referenced Debtors, and files this her Certification of Attorney's Fees as follows:

1. I hereby certify that I have provided legal services pertaining to automatic stay litigation in accordance with Local Bankruptcy Rule 2016(h)(1)(B) in that I have rendered the following described legal services:

    ( ) I have filed and prosecuted a motion to extend and/or continue the automatic stay to any or all creditors pursuant to 11 U.S.C. 362(c)(3)(B). See Court's Docket #_____.

    ( ) I have filed and prosecuted a motion to impose the automatic stay to any or all creditors pursuant to 11 U.S.C. 362(c)(4)(B). See Court's Docket #_____.

    (**X**) I have opposed a motion to lift the automatic stay filed by any creditor pursuant to 11 U.S.C. 362(d) and the opposition of the motion resulted in a benefit to the bankruptcy estate (for example, the automatic stay did not lift after hearing on the merits of the motion; an agreed order was entered into by the parties thereby setting forth conditions on the stay not lifting; etc.). See Court's Docket #__71__.

    ( ) I have opposed a motion to lift the automatic stay filed by any creditor pursuant to 11 U.S.C. 362(d) even though the opposition of the motion did not result in a benefit to the bankruptcy estate (for example, the automatic stay lifted after hearing on the merits of the motion; an agreed order was entered into by the parties thereby lifting the automatic stay; etc.). but the services rendered by me justified as being reasonable and necessary for the following reasons:_____
    _____
    _____.
    See Court's Docket #_____.

( ) Other:_____.

2. I understand that the trustee may rely on this Certification in order to pay the balance owed, if any, of the attorney's fees and, unless a different priority of distribution is set forth in the Debtor(s)' Chapter 13 Plan, such to be paid from the funds, if sufficient, on hand upon confirmation of the plan (or, if the Plan is already confirmed but this Certification is filed prior to the Trustee's Recommendation Concerning Claims, from the funds, if sufficient, on hand upon the filing on the Certification with the Court) with the balance of said fees, if any, to be paid from the Debtor(s)' plan payments thereafter received by the Trustee.

Respectfully submitted,

/s/ Jean H. Taylor _____
Jean H. Taylor, P.C.
P.O. Box 1366
301 N. Alamo
Marshall, TX 75671
(903) 938-9788
(903) 938-9707 facsimile
jeanhtaylor@charter.net

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing instrument has been forwarded via regular US Mail, First Class, and/or electronically to the Chapter 13 Trustee, John Talton, 110 N. College Avenue, 12th Floor, Tyler, Texas 75702; Donald and Rebecca Berglund, Jr., 370 CR 289, Edna, Texas 77957; on this 8th day of February, 2010.

/s/ Jean H. Taylor _____
**JEAN H. TAYLOR**